CONFORMED COPY

1  Russell B. Hill (SBN 190070)
   HillR@Howrey.com
2  Frank P. Coté (SBN 204529)
   CoteF@Howrey.com
3  Scott R. Maynard (SBN 224932)
   MaynardS@Howrey.com
4  HOWREY LLP
5  2020 Main Street, Suite 1000
   Irvine, California  92614
6  Telephone:  (949) 721-6900
7  Facsimile:  (949) 721-6910

8  Attorneys for Plaintiff
   ELECTRONICS FOR
9  IMAGING, INC.

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12                  **SOUTHERN DIVISION**

13

14 | ELECTRONICS FOR IMAGING, | Case No. **SACV07-1333 CJC (ANx)**
15 | INC., a Delaware corporation, |
   |                              | **COMPLAINT FOR DECLARATORY**
16 |              Plaintiff,       | **JUDGEMENT OF NON-INFRINGEMENT**
   |        vs.                   | **AND INVALIDITY OF U.S. PATENTS**
17 | ACACIA RESEARCH CORP., a |
18 | Delaware corporation; and | [Demand for Jury Trial]
   | SCREENTONE SYSTEMS CORP., a |
19 | Delaware corporation, |
20 |            Defendants. |

21

22

23

24

25

26

27

28

1

2

3      Plaintiff, Electronics for Imaging, Inc. ("EFI"), files this Complaint against

4  Defendants, Acacia Research Corporation and its wholly owned subsidiary Screentone

5  Systems Corporation (collectively "Acacia") and states as follows:

6                        **JURISDICTION & VENUE**

7      **1.**     EFI files this action against Defendant for declaratory relief under 28

8  U.S.C. Sections 2201-2202.  This Court has subject matter jurisdiction over this

9  declaratory judgment action under 28 U.S.C. §1338.

10      **2.**     EFI is informed and believes that Acacia's principal place of business is in

11  this judicial district and that Acacia regularly conducts business in this judicial district.

12      **3.**     Venue is proper under 28 U.S.C. §§ 1391(b)(2) and 1400(b).

13                            **THE PARTIES**

14      **4.**     EFI is a Delaware corporation with its principal place of business at 303

15  Velocity Way, Foster City, California 94404.

16      **5.**     EFI is informed and believes that Acacia Research Corporation is Delaware

17  corporation with its principal place of business at 500 Newport Center Drive, 7th Floor,

18  Newport Beach, California 92660.

19      **6.**     EFI is informed and believes that Screentone Systems Corporation is a

20  Delaware corporation with its principal place of business at 500 Newport Center Drive,

21  7th Floor, Newport Beach, California 92260.

22                       **FACTUAL ALLEGATIONS**

23      **7.**     EFI is a world leader in digital printing technology.  The company provides

24  products, services and support to meet all businesses' printing needs. EFI's award-

25  winning, innovative technologies increase the productivity and profitability of

26  commercial and enterprise printing.

27

28

HOWREY LLP    DM_US:20815540_1

CASE NO.
COMPLAINT FOR
DECLARATORY RELIEF

8. Acacia acquires patents and, using a multitude of wholly owned subsidiaries and limited liability companies, licenses and enforces those patents.

9. EFI is informed and believes that Acacia is the assignor of U.S. Patent Nos. 4,924,301 (the "'301 patent") and 5,166,809 (the "'809 patent"). The '809 patent is a continuation-in-part of the '301 patent and both are titled "Apparatus and Methods for Digital Halftoning." Copies of the '301 patent and '809 patent are attached as Exhibits A and B.

10. Generally, halftoning refers to a technique used to simulate a continuous tone image using spaced dots of varying size. Where continuous tone imagery (film photography, for example) contains an infinite range of colors or grays, the halftone process reduces visual reproductions to an image that is printed with only a few colors of ink. Halftoning printing relies on a basic optical illusion – that the tiny printed halftone dots are blended into smooth tones by the human eye.

11. EFI provides halftoning software and hardware for use in digital printing. These halftoning solutions include the Fiery® Graphic Arts Package, EFI One Flow and EFI Colorproof™ XF with OneBit and/or Dot Creator options. Customers use these products to produce simulated or actual halftone image screens/color separations.

12. EFI sells halftoning components to original equipment manufacturers ("OEMs") that incorporate the components into their printing equipment, including but not limited to Canon USA, Inc. ("Canon"), Ricoh Company, Ltd. ("Ricoh"), and Konica Minolta Technology Center, Inc. ("Konica-Minolta").

13. On or about March 23, 2006, Acacia sent a letter to EFI alleging that certain EFI products infringed the '301 and '809 patents and offering a license.

14. On or about June, 12, 2006, EFI sent a response explaining that it took very seriously Acacia's infringement allegations and was investigating the matter. EFI asked that all contacts regarding EFI's products be directed through its General Counsel.

1    **15.**    Instead of dealing with EFI, Acacia began contacting EFI's OEMs.  Acacia

2    told EFI's OEMs that the EFI halftoning products infringe the '301 and '809 patents.

3    **16.**    On August 8, 2007 Acacia sued, among others, several of EFI's OEMs,

4    including Canon, Ricoh and Konica-Minolta, for patent infringement in the United

5    States District Court for the Eastern District of Texas.  Acacia alleges that EFI's OEMs

6    infringe by manufacturing, using, and selling printers and other imaging products that

7    reproduce images using the halftoning techniques claimed in the '809 patent.

8    **17.**    Acacia's accusations and explicit threats against EFI, and EFI's customers,

9    and its recently filed action against Canon, Ricoh and Konica-Minolta on its halftoning-

10   related patent create an uncertainty concerning EFI's future business plans.  Therefore,

11   an immediate and actual case or controversy now exists between EFI and Acacia

12   regarding the non-infringement, validity and enforceability of the '301 and '809 patents.

13   <u>**FIRST CLAIM FOR RELIEF**</u>

14   <u>**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT**</u>

15   <u>**NO. 4,924,301**</u>

16   **18.**    EFI realleges and incorporates its allegations above.

17   **19.**    EFI does not directly or indirectly infringe any valid claim of the '301

18   patent.

19   **20.**    EFI therefore asks the Court to declare that EFI and its halftoning products

20   have not and do not infringe any claim of the '301 patent.

21   <u>**SECOND CLAIM FOR RELIEF**</u>

22   <u>**DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO.**</u>

23   <u>**4,924,301**</u>

24   **21.**    EFI realleges and incorporates its allegations above.

25   **22.**    The '301 patent is invalid for failure to comply with 35 U.S.C. §§102, 103

26   and/or 112.

27

28

HOWREY LLP    DM_US:20815540_1

CASE NO.
COMPLAINT FOR
DECLARATORY RELIEF

23.    EFI therefore asks the Court to declare invalid the claims of the '301 patent.

## THIRD CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,166,809

24.    EFI realleges and incorporates its allegations above.

25.    EFI does not directly or indirectly infringe any valid claim of the '809 patent.

26.    EFI therefore asks the Court to declare that EFI and its halftoning products have not and do not infringe any claim of the '809 patent.

## FOURTH CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 5,166,809

27.    EFI realleges and incorporates the allegations of paragraphs 1 through 25.

28.    The '809 patent is invalid for failure to comply with 35 U.S.C. §§102, 103 and/or 112.

29.    EFI therefore asks the Court to declare invalid the claims of the '809 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff EFI prays the Court enter judgment in its favor and against Defendants as follows:

A.    A declaration that EFI and its halftoning products do not infringe any valid claim of the '301 and '809 patents;

B.    A declaration that the claims of the 301 and '809 patents are invalid;

C.    A preliminary and permanent injunction barring Acacia and its officers, agents, servants, employees and attorneys, alter egos and their successors and assigns, as well as those persons in active concert or participation with them who receive actual

1   notice of the judgment, from: (a) charging EFI, its suppliers, vendors, customers, or

2   users of EFI's halftoning products with infringement of the '301 and '809 patents; and

3   (b) from threatening to bring or bringing a lawsuit against EFI, its suppliers, vendors,

4   customers, or users of EFI's halftoning products for infringement of the '301 and '809

5   patents;

6       D.       A finding that this is an exceptional case under 35 U.S.C. § 285 entitling

7   EFI to an award of its attorney fees;

8       E.       An award of EFI's costs incurred in this action; and,

9       F.       Such other and further relief as the Court deems just and proper.

10

11

12  Dated:  November 9, 2007                    Respectfully submitted,

13                                              HOWREY LLP

14

15

16                                              By:  _____

                                                         Russell B. Hill

17                                              Attorneys for Plaintiff
                                                ELECTRONICS FOR IMAGING,
18                                              INC.

19

20

21

22

23

24

25

26

27

28

HOWREY LLP

COMPLAINT FOR
DECLARATORY RELIEF

DM_US:20828279_1