Edward R. Nelson, III (admitted *pro hac vice*)
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
Telephone: 817-574-7033
Facsimile: 817-334-0401
nelson@fsclaw.com

Dan E. Chambers (SBN 156853)
Ako S. Williams (SBN 212451)
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035
dchambers@rutan.com
awilliams@rutan.com

Attorneys for Defendants
ACACIA RESEARCH CORPORATION
and SCREENTONE SYSTEMS CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| ELECTRONICS FOR IMAGING, INC., a Delaware corporation, <br><br> Plaintiff, <br> vs. <br><br> ACACIA RESEARCH CORP., a Delaware corporation; and SCREENTONE SYSTEMS CORP., a Delaware corporation, <br><br> Defendants. | Case No. SACV07-1333 CJC (ANx) <br><br> **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> The Honorable Cormak J. Carney |

Defendants Acacia Research Corporation and Screentone Systems Corporation ("Defendants") hereby file their Answer and Affirmative Defenses to Plaintiff Electronics For Imaging, Inc.'s Complaint for Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patents ("Complaint") as follows:

## ANSWER TO PLAINTIFF'S COMPLAINT

1. Defendants acknowledge that Plaintiff purports to bring claims for declaratory relief under 28 U.S.C. §§2201-2202, but they deny the merits of such claims. Defendants further acknowledge that this Court has subject matter jurisdiction over Defendants' alleged claims. Except as to admitted, the allegations in Paragraph 1 are denied.

2. The allegations in Paragraph 2 are admitted.

3. The allegations in Paragraph 3 are denied.

## THE PARTIES

4. The allegations in Paragraph 4 are admitted upon information and belief.

5. The allegations in Paragraph 5 are admitted.

6. The allegations in Paragraph 6 are admitted.

## FACTUAL ALLEGATIONS

7. The allegations in Paragraph 7 are admitted upon information and belief.

8. Defendants admit that certain Acacia Research Corporation subsidiaries acquire patents and that those subsidiaries engage in the licensing and enforcement of those patents. Except as admitted, the allegations in Paragraph 8 are denied.

9. Defendants admit that Screentone Systems Corporation is the assignee and owner of the '301 and '809 patents. Defendants admit also that the '809 patent is a continuation-in-part of the '301 patent and that they bear the same title. Defendants admit that copies of the two patents are attached to Plaintiff's Complaint. Except as admitted, the allegations in Paragraph 9 are denied.

10. The allegations in Paragraph 10 are admitted upon information and belief.

11. The allegations in Paragraph 11 are admitted upon information and belief.

12. The allegations in Paragraph 12 are admitted upon information and belief.

13. Defendants admit that a letter was sent to Plaintiff on March 23, 2006. Except as admitted, the allegations in Paragraph 13 are denied. The letter of March 23, 2006 speaks for itself.

14. Defendants admit that EFI responded to the March 23, 2006 by letter dated June 12, 2006. Except as admitted, the allegations in Paragraph 13 are denied. The letter of June 12, 2006 speaks for itself.

15. The allegations of Paragraph 15 are denied.

16. Defendants admit that Screentone Systems Corporation filed a patent infringement lawsuit in the Eastern District of Texas on August 8, 2007 and that the lawsuit names Canon, Ricoh and Konica-Minolta as defendants. Defendants admit that the lawsuit alleges that Canon, Ricoh and Konica-Minolta, among others, infringe the '809 patent by, among other things, manufacturing, using, and selling printers and other imaging products that reproduce images using the halftoning techniques claimed in the '809 patent. Except as admitted, the allegations in Paragraph 16 are denied.

17. The allegations of Paragraph 17 are denied.

## FIRST CLAIM FOR RELIEF
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 4,924,301

18. Defendants reallege and incorporate Paragraphs 1 – 17 above.

19. The allegations of Paragraph 19 are denied.

20. Defendants acknowledge that Plaintiff purports to bring a claim for declaratory relief of non-infringement of the '301 patent, but deny the merits of such claim.

## SECOND CLAIM FOR RELIEF
## DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 4,924,301

21. Defendants reallege and incorporate Paragraphs 1 – 20 above.

22. The allegations of Paragraph 22 are denied.

23. Defendants acknowledge that Plaintiff purports to bring a claim for declaratory relief of invalidity regarding the '301 patent, but deny the merits of such claim.

## THIRD CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,166,809

24. Defendants reallege and incorporate Paragraphs 1 – 23 above.

25. The allegations of Paragraph 25 are denied.

26. Defendants acknowledge that Plaintiff purports to bring a claim for declaratory relief of non-infringement of the '809 patent, but deny the merits of such claim.

## FOURTH CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 5,166,809

27. Defendants reallege and incorporate Paragraphs 1 – 26 above.

28. The allegations of Paragraph 28 are denied.

29. Defendants acknowledge that Plaintiff purports to bring a claim for declaratory relief of invalidity regarding the '809 patent, but deny the merits of such claims.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

30. Plaintiff has failed to state claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

31. Plaintiff's claims are barred in whole and/or in part by waiver, estoppel, and/or quasi-estoppel.

/ / /

## THIRD AFFIRMATIVE DEFENSE

32. Plaintiff has failed, by its own actions and inactions, to use reasonable care to mitigate, minimize, or avoid injury or loss, if any, it may have sustained as alleged in its Complaint.

## FOURTH AFFIRMATIVE DEFENSE

33. Plaintiff is not entitled to injunctive relief because there is an adequate remedy at law for Plaintiff's alleged damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

34. Plaintiff has brought this action in an impermissible venue.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

a. That Plaintiff take nothing by its Complaint and that the Complaint be dismissed with prejudice and judgment entered in Defendants' favor;

b. That Defendants be awarded their reasonable attorneys' fees pursuant to 35 U.S.C. § 285 in that this is an exceptional case;

c. That Defendants be awarded costs of suit herein; and

d. That Defendants be awarded such other and further relief as this Court deems just and proper.

Dated: December 18, 2007

FRIEDMAN, SUDER & COOKE
RUTAN & TUCKER, LLP

By: _____
Ako S. Williams

Attorneys for ACACIA RESEARCH CORPORATION and SCREENTONE SYSTEMS CORPORATION

-4-

| | |
|---|---|
| 1 | **DEMAND FOR JURY TRIAL** |
| 2 | Defendants Acacia Research Corporation and Screentone Systems Corporation |
| 3 | demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure. |
| 4 | |
| 5 | Dated: December 18, 2007         FRIEDMAN, SUDER & COOKE |
| 6 |                                                       RUTAN & TUCKER, LLP |
| 7 |                                                       By: _/s/ Ako S. Williams_ |
| 8 |                                                              Ako S. Williams |
| 9 |                                                       Attorneys for ACACIA RESEARCH CORPORATION and SCREENTONE SYSTEMS CORPORATION |

# PROOF OF SERVICE BY MAIL

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed by the law office of Rutan & Tucker, LLP in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 611 Anton Boulevard, Fourteenth Floor, Costa Mesa, California 92626-1931.

On December 18, 2007, I served on the interested parties in said action the within:

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

by placing a true copy thereof in sealed envelope(s) addressed as stated below:

Russell B. Hill
Scott R. Maynard
HOWREY, LLP
4 Park Plaza, Ste. 1700
Irvine, CA 92614

In the course of my employment with Rutan & Tucker, LLP, I have, through first-hand personal observation, become readily familiar with Rutan & Tucker, LLP's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice I deposited such envelope(s) in an out-box for collection by other personnel of Rutan & Tucker, LLP, and for ultimate posting and placement with the U.S. Postal Service on that same day in the ordinary course of business. If the customary business practices of Rutan & Tucker, LLP with regard to collection and processing of correspondence and mailing were followed, and I am confident that they were, such envelope(s) were posted and placed in the United States mail at Costa Mesa, California, that same date. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on December 18, 2007, at Costa Mesa, California.

CYNDEE RUPERT
(Type or print name)

*Cyndee L Rupert*
(Signature)

2275/016303-0005
866268.01 a12/18/07