**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 07-01333-CJC(ANx)                                    Date:  February 21, 2008

Title: <u>ELECTRONICS FOR IMAGING, INC. v. ACACIA RESEARCH CORP. et al.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Michelle Urie</u>                                          <u>   N/A   </u>
Deputy Clerk                                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                            None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO TRANSFER OR, IN THE ALERNATIVE, TO STAY PROCEEDINGS** [filed 02/15/08]

Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* FED. R. CIV. P. 78; Local Rule 7-15.  Accordingly, the hearing set for February 25, 2008, on Defendants' motion to transfer or, in the alternative, to stay proceedings, has been removed from the Court's calendar.

This declaratory judgment action, brought by Plaintiff Electronics for Imaging, Inc. ("EFI"), seeks a declaration of non-infringement and invalidity of U.S. Patent Nos. 5,166,809 and 4,294,301.  This case is related to several other actions previously filed in Texas, Washington and Delaware.  Defendants argue that there is substantial overlap of parties and issues between the instant case and a case previously filed in the Eastern District of Texas such that the Court should transfer this case to the Texas court, or alternatively, stay the action pending resolution of pending transfer motions.  In order to promote the efficient disposition of these related cases, the Court DENIES Defendants' motion to transfer the case but GRANTS the motion to stay the proceedings pending the outcome of the pending motions to transfer and consolidate these cases.

This action involves one of the same parties (Defendant Screentone Systems Corp.) and one of the same main issues (the validity of the '809 Patent) as an action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 07-01333-CJC(ANx)                                    Date: February 21, 2008
                                                                                              Page 2

previously filed by Defendant Screentone Systems Corp. ("Screentone") on August 8, 2007, in the United States District Court for the Eastern District of Texas (the "Texas Action"). On October 1, 2007, in response to Screentone's patent infringement claims, the defendants in the Texas Action (the "Texas Defendants") filed three separate motions to dismiss, two of which alternatively requested transfer. These pending motions to dismiss or transfer have been fully briefed and currently await ruling by the Texas court.

This action is also related to three other declaratory judgment actions previously filed by the Texas Defendants in Delaware and Washington State. The declaratory judgment actions seek declarations of non-infringement and invalidity of the '809 Patent, the same patent at issue in both the instant action and the Texas Case. Screentone has moved to transfer the Washington and Delaware actions to the Texas court, and these motions are still pending.

On December 20, 2007, some of the Texas Defendants filed a motion to transfer before the U.S. Judicial Panel on Multidistrict Litigation ("MDL Panel") seeking to consolidate the above-described actions and transfer them to the Western District of Washington, or in the alternative, to this district. The MDL Panel contacted the parties in this case on January 11, 2008, but has not yet issued a ruling on the consolidation motion.

District courts have inherent power to stay their proceedings, which is incidental to the power to promote the efficient disposition of cases on their docket. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)(*quoting Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936)). Such case management "is best accomplished by the 'exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Id.* (*quoting Landis*, 299 U.S. at 254-55, 57 S.Ct. at 166.) "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party, (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Id.* (*citing American Seafood v. Magnolia Processing, Inc.*, 1992 WL 102762, at * 1-2 (E.D. Penn. 1992)).

Those factors weigh in favor of staying the proceedings in this case pending the rulings on the motions to transfer and consolidate pending in the Texas, Washington and Delaware courts and before the MDL Panel. It would be an extremely inefficient use of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 07-01333-CJC(ANx)                                                     Date: February 21, 2008
                                                                                                              Page 3

---

judicial resources to permit four different, yet related, cases to proceed at the same time. Additionally, such an approach may result in inconsistent rulings that would prejudice Defendants.  On the other hand, EFI will not suffer significant prejudice if the Court stays these proceedings pending the outcome of the motions to transfer and consolidate the related cases.  Since the pending motions to transfer and consolidate have been fully briefed and submitted, there is no indication that EFI will have to wait an unduly burdensome amount of time before it can prosecute its case.   Moreover, it will benefit both parties to litigate this case in the proper forum and to resolve related issues at the same time, rather than in a piecemeal fashion.  Because the rulings of the Texas, Washington and Delaware courts and the MDL Panel will impact this Court's decision on whether this forum is the most appropriate one for the prosecution of this action, the Court GRANTS Defendants' motion to stay the instant proceedings pending the resolution of those motions and DENIES Defendants' motion to transfer the case to the Eastern District of Texas.  The parties shall notify this Court once the Texas, Washington and Delaware courts and the MDL Panel have issued their rulings.


rls

MINUTES FORM 11
CIVIL-GEN                                                                                                        Initials of Deputy Clerk MU